UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**THOMAS C. BEASLEY,**

 **Plaintiff,**

**v.**                   **Case No: 5:17-cv-549-Oc-10PRL**

**UNITED STATES OF AMERICA**

 **Defendant.**

## ORDER

Plaintiff, proceeding *pro se*, initiated this case by filing a Civil Rights Complaint raising a claim against the United States under the Federal Tort Claims Act (FTCA) and also naming two individual officers. (Doc. 1). The Court dismissed Plaintiff's claims against the individual corrections officers. (Doc. 4). Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 6).

Pending before the Court is Plaintiff's renewed Motion to Request a Stay and Request to Appoint Counsel. (Doc. 15). In his motion, Plaintiff states that he was currently in transit and being transferred to a new unknown facility. Id. A review of the BOP's Inmate Locator website shows that Plaintiff has now been placed at USP Victorville. Accordingly, Plaintiff's request for a stay is due to be **denied**.

Plaintiff's request to appoint counsel is also due to be denied without prejudice. Although there is no constitutional right to counsel in civil cases, Congress has given district courts discretion under 28 U.S.C. § 1915(e)(1) to request counsel for civil litigants proceeding *in forma pauperis* when exceptional circumstances warrant such appointment. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). In deciding whether to grant a request for counsel from an indigent litigant, the Court should answer two threshold questions. First, has the plaintiff made efforts to secure

counsel? *See Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir. 1982). Second, does the plaintiff's case have merit? *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). In determining whether "exceptional circumstances" warrant appointment of counsel, the Court may consider various factors, including: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Ulmer*, 691 F.2d at 213 (cited with approval in *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)).

Here, Plaintiff has not demonstrated that appointment of counsel is necessary in this case. The issues are not complex and the complaint has not yet been served upon the Defendant. If this case advances to a stage where Plaintiff believes in good faith that he can make the showing of exceptional circumstances necessary to warrant a request for counsel, then Plaintiff may at that time renew his request. Further, if Plaintiff requires additional time to comply with Court deadlines, he may file appropriate motions for extension of time.

Accordingly, Plaintiff's Motion to Request Stay any Request to Appoint Counsel for Plaintiff (Doc. 15) is **DENIED without prejudice**.

Further, by Order dated February 27, 2018, Plaintiff was directed to submit completed copies of the summons form and USM-285 ("Process Receipt and Return") form. (*See* Doc. 11.) Plaintiff failed to submit a completed summons form. Plaintiff must submit a completed copy of the enclosed form FOR EACH DEFENDANT. **Plaintiff is required to fill in the name and street address of the Defendant in the appropriate spaces on the summons forms**. Plaintiff shall fill in **60 days** as the number of days allowed to answer.

Accordingly, Plaintiff's motion for extension of time to file service documents (Doc. 14) is **GRANTED** to the extent that Plaintiff shall mail the completed form to the Clerk's Office within **TWENTY-ONE (21) DAYS** from the date of this Order. Failure to return the completed form within this time period will result in dismissal for failure to prosecute, without further notice. If Plaintiff requires additional time to comply with Court deadlines, he may file appropriate motions for extension of time.

**DONE AND ORDERED** at Ocala, Florida, this 254th day of May, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to: Pro Se Parties, Counsel of Record